**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOM T.[1]<br>Plaintiff,<br>v.<br>FRANK J. BISIGNANO, Commissioner of Social Security,[2]<br>Defendant. | Case No.: 3:24-cv-01542-DMS-VET<br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br>**[ECF No. 20]** |

This Report and Recommendation is submitted to the Honorable District Judge Dana M. Sabraw pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72.1.

## I. <u>INTRODUCTION</u>

Pending before the Court is Plaintiff Thom T.'s motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) ("Motion"). ECF Nos. 20, 26. Defendant Frank J. Bisignano, Commissioner of Social Security ("Commissioner" or "Government"), opposes the Motion. ECF No. 25. Having considered

[1] Partially redacted in compliance with Civil Local Rule 7.1(e)(6)(b).
[2] Frank J. Bisignano, Commissioner of the Social Security Administration, is automatically substituted for Martin O' Malley pursuant to Fed. R. Civ. P. 25(d).

the Motion, Opposition, Reply, and the record before it, and for the reasons discussed below, the Court **RECOMMENDS GRANTING IN PART** and **DENYING IN PART** Plaintiff's Motion.

## II. BACKGROUND

### A. *Tran I*: First Denial of the Application

On March 20, 2012, Plaintiff applied for Supplemental Security Income under Title XVI of the Social Security Act, alleging a disability onset date of December 1, 2011 ("Application"). Administrative Record ("AR") 142–147.[3] On September 18, 2014, the Commissioner initially denied the Application following review by an Administrative Law Judge ("ALJ"). AR 13–31. Plaintiff sought judicial review on December 15, 2017. *Tran v. Kijakazi*, No. 17-cv-2521-DMS-BLM, 2022 U.S. Dist. LEXIS 58502, at *3 (S.D. Cal. Mar. 29, 2022) ("*Tran I*"), *report and recommendation adopted*, *Tran v. Kijakazi*, No. 17-cv-2521-DMS-BLM, 2022 U.S. Dist. LEXIS 76941 (S.D. Cal. Apr. 27, 2022). The Court reviewed the ALJ's five-step sequential evaluation process. *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *3–4. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 20, 2012. *Id.* at *3–4; AR 18. At step two, the ALJ determined that Plaintiff did "'not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) [her] ability to perform basic work-related activities for 12 consecutive months.'" *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *4; AR 18. As a result, the ALJ stopped his analysis at step two and concluded that Plaintiff was not disabled. *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *4; AR 18–27. In reaching his decision, the ALJ "rejected or discounted the opinions of Plaintiff's treating and examining doctors, the opinions of the State agency medical consultants, Plaintiff's claims, and the limitations identified by Plaintiff's son." *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *4; *see* AR 18–27.

---

[3] The AR is electronically filed at ECF No. 8.

The Court found that the ALJ "should have continued the sequential analysis beyond step two because there was not substantial evidence to show that Plaintiff's claim was 'groundless.'" *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *40 (citing *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996)). The Court concluded that the ALJ failed to (i) "make sufficient efforts to ensure the adequacy of the record and to conduct an appropriate inquiry," specifically with respect to Plaintiff's treating physicians, and (ii) "provide substantial evidence to support his decision at step two that the medical evidence clearly established that Plaintiff was not disabled." *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *28.

The Court declined to remand for the immediate award of benefits, finding that "the rare circumstances that may result in a direct award of benefits [were] not present." *Id.* at *40–43. Specifically, the Court applied the "credit-as-true" rule, which allows a court to credit evidence rejected during the administrative process and remand for an immediate award of benefits if:

> (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* at *40–41 (citing *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004)). The Court found that "further administrative proceedings [would] serve a meaningful purpose by allowing the ALJ to properly consider and address the medical opinions provided by Plaintiff's treating and examining doctors and further develop the record where necessary." *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *42. Remand would "also allow the ALJ to continue the five-step evaluation process beyond step two to determine Plaintiff's [Residual Functional Capacity] and whether there are jobs she can perform." *Id.* at *42–43. Accordingly, the Court remanded for further proceedings. *Tran*, 2022 U.S. Dist. LEXIS 76941, at *2.

**B. Instant Action: Second Denial of the Application**

On remand, a second ALJ denied the Application, and Plaintiff filed the instant action again seeking judicial review. AR 295–304; ECF No. 1. Prior to any merits briefing, the Commissioner moved to remand the case for further administrative proceedings ("Motion for Remand"). ECF No. 10. The Commissioner conceded that the ALJ did not comply with the Court's order in *Tran I* and that Plaintiff was entitled to judgment. *Id.* at 2 (acknowledging that the ALJ failed to conduct sequential analysis beyond step two of the disability evaluation process and properly consider the medical opinion evidence). In response, Plaintiff opposed and requested that the Court either (i) allow briefing on the merits to provide guidance in the case of further administrative proceedings or (ii) remand for an award of benefits. ECF No. 11 at 1, 18. Plaintiff conceded that the second ALJ "completely ignored" the Court's order in *Tran I* and "committed the same errors." *Id.* at 5. Nevertheless, Plaintiff argued for an award of benefits on the grounds that the "record is fully developed." *Id.* at 12–14.

The parties subsequently submitted briefs on the merits. ECF Nos. 14, 16–17. In her merits brief, Plaintiff again conceded that the second ALJ "issued a decision identical" to the first ALJ by "recycling the same arguments discredited" by the Court and that "the issues presented are identical to the same issues reviewed and adjudicated" by this Court. ECF No. 14 at 2–3. Plaintiff simultaneously argued that the Court had a "full record that supports the conclusion that the plaintiff is disabled." *Id.* at 27. In turn, the Commissioner contended that no evidence could be "credited as true at this point because the record has not been fully developed and further administrative proceedings are needed." ECF No. 16 at 5.

On September 15, 2025, the Court again remanded the case for further proceedings, "[c]onsistent with Defendant's recommendations," and denied Plaintiff's request for remand for an award of benefits. ECF No. 19 at 2–4. Applying the credit-as-true rule, the Court reasoned that Plaintiff had not shown the record was "fully developed" and noted that "despite remanding the case to allow the ALJ to 'develop the record where necessary,'

there [was] no evidence the second ALJ did that." *Id.* at 3 (citing *Tran I*, 2022 U.S. Dist. LEXIS 58502, at *42). The Court specifically highlighted the absence of additional records from Dr. John Highum, "who is listed as a treating/examining physician on Plaintiff's updated Form HA-4631," and from Dr. Grisolia, as well as Plaintiff's failure "to appear for an examination by an agency physician." *Id.* at 3. Given these circumstances, the Court concluded that Plaintiff was not entitled to remand for an award of benefits. *Id.*

### C. Motion for Attorney's Fees

In the instant Motion, Plaintiff requests fees and costs totaling **$38,028.94**, including $36,930.62 for attorney's fees and $1,098.32 for costs and expenses. ECF Nos. 20-1 at ¶¶ 8, 10–11, 26 at 4. The attorney's fees consist of 125.35 hours expended by counsel Alexandra T. Manbeck in 2024 and 2025, based on an hourly rate of $294.62. ECF Nos. 20-1 at ¶¶ 7–8, 10–11, 26 at 4. Ms. Manbeck's hourly rate is based on the EAJA statutory hourly rate of $244.62, plus an enhancement of $50 to account for Ms. Manbeck's fluency in Vietnamese. ECF No. 20-1 at ¶ 8. Plaintiff further requests that any award of attorney's fees be paid directly to Ms. Manbeck. ECF No. 20-2 at 28–29.

The Government opposes the Motion and asks the Court to reduce Plaintiff's attorney's fees by 75 percent, arguing, in part, that special circumstances make the full award of Ms. Manbeck's fees unjust. ECF No. 25 at 5. The Government contends that the fee amount is unreasonable considering the following factors: (i) other awards in this District; (ii) Plaintiff's limited success; (iii) Plaintiff's duplication of prior briefing; (iv) the modest Administrative Record; (v) unclear time entries; and (vi) "fees-on-fees" associated with Plaintiff's Reply. *See id.* at 5, 15.

## III. LEGAL STANDARD

The EAJA is a fee-shifting statute that allows a court to award a "prevailing party" all reasonable attorney's fees, costs, and other expenses "incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction over that action." 28 U.S.C. § 2412 (d)(1)(A). Under EAJA, the court "shall" award fees to the prevailing party unless "the

court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* A "party" under EAJA means "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B)(i). Any fee application must be submitted within 30 days of the final judgment and supported by an itemized statement. 28 U.S.C. § 2412(d)(1)(B); *Comm'r I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

The Government has the burden to demonstrate that "its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001). "A substantially justified position must have a reasonable basis both in law and fact." *Id.* Further, special circumstances may exist when the Commissioner's argument is novel and made in good faith, or equitable considerations weigh in favor of denying an award. *Augustine v. O'Malley*, No. 3:17-cv-00238-JAH-AHG, 2024 U.S. Dist. LEXIS 151929, *4 (S.D. Cal. Aug. 21, 2024) (citing *Abela v. Gustafson*, 888 F.2d 1258, 1266 (9th Cir. 1989) ("The 'special circumstances' exception . . . was developed to ensure that the government is not deterred from advancing good faith but novel legal arguments and to protect the court's discretion to rely on equitable factors in denying a fee award.")).

However, eligibility for attorney's fees under EAJA only gets a party "across the statutory threshold" and does not automatically result in an award. *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). Attorney's fees under EAJA also must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). The particular facts of the case determine the amount of fees awarded. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins*, 154 F.3d at 988 (quoting *Hensley*, 461 U.S. at 434). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in

private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

Therefore, in determining whether a fee is reasonable, a court considers, among other factors, the hours expended, the reasonable hourly rate, and the results obtained. *See Jean*, 496 U.S. at 161 ("[T]he district court [has] discretion to determine the amount of a fee award, given its 'superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'") (quoting *Hensley*, 461 U.S. at 437). A court must provide a "concise but clear explanation of its reasons" for its attorney's fee award calculation. *Hensley*, 461 U.S. at 433, 437. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir.1988). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (emphasis omitted). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

## IV. <u>DISCUSSION</u>

### A. Special Circumstances

Here, the Court finds that Plaintiff is eligible for an award of attorney's fees under EAJA. First, there is no evidence Plaintiff's net worth exceeded $2,000,000 at the time this action was filed, and having obtained a remand of this action, Plaintiff is a "prevailing party." *Gutierrez*, 274 F.3d at 1257 ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). Plaintiff's Motion, filed within 30 days of the Court's judgment, is timely and includes a supporting declaration with itemized billing information. *See* ECF Nos. 20-1 at 4–6 (¶ 7), 20-2 at 8–

15. Additionally, the Government does not argue that its position was "substantially justified." *See generally* ECF No. 25.

Instead, the Government argues for a reduction in the fees requested. *Id.* at 5. Specifically, the Government contends that "[b]ased either on special circumstances or factors of reasonableness, the [Court] should reduce Plaintiff's EAJA award to $8,790.73 (25 percent of Counsel's requested amount)." *Id.* at 5–8, 15. Although the Government frames its position, in part, as a "special circumstances" issue, the Government does not ask the Court to outright deny Plaintiff's request for fees or contend that Plaintiff is not entitled to an award of EAJA fees. *See generally id.* Moreover, there is no dispute that this action was successful to the extent Plaintiff obtained a remand. Given these facts, the Court finds that the Government's arguments are more properly considered as a "reasonableness" issue, not as "special circumstances" justifying the refusal of an award of fees. Accordingly, the Court declines to find special circumstances warranting the denial of an award and examines the Government's arguments under the reasonableness prong of the analysis. *Cf. Aho v. Clark*, 608 F.2d 365, 367–368 (1979) (finding special circumstances exist to deny attorney's fees where plaintiff's lawsuit did not contribute to achieving the desired results from the litigation).

**B. Reasonableness of Fees**

1. <u>Hourly Rate</u>

The text of EAJA limits the hourly rate to be used in calculating attorney fee awards. 28 U.S.C. § 2412(d)(2)(A). Congress established $125.00 per hour as the maximum hourly rate for attorney's fee awards "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Absent unusual circumstances, courts in this Circuit generally apply a cost-of-living adjustment. *See Thangaraja v. Gonzalez*, 428 F.3d 870, 876–77 (9th Cir. 2005). The Court is not aware

of any such circumstances, and thus, applying a cost-of-living adjustment, the appropriate hourly rates are $251.84 for 2024 and $258.46 for 2025.[4]

Additionally, Plaintiff requests a $50.00 special factor fee enhancement per hour based on Ms. Manbeck's fluency in Vietnamese and 31 years of experience in social security law. ECF Nos. 20-1 at ¶ 8, 20-2 at 19–20. To support a special factor enhancement, a party must show that (i) the attorney possesses distinctive knowledge and skills; (ii) those distinctive skills are needed in the litigation; and (iii) those skills are not available elsewhere at the statutory rate. *Love v. Reilly*, 924 F.2d 1492, 1496 (9th Cir. 1991). Examples of distinctive knowledge or specialized skill include an "identifiable practice specialty such as patent law, or knowledge of foreign law or language." *Pierce v. Underwood*, 487 U.S. 552, 572 (1988). "Where such qualifications are necessary and can be obtained only at rates in excess of the [$125.00] cap, reimbursement above that limit is allowed." *Id.*

Ms. Manbeck represents that her 31 years of experience in social security law and fluency in Vietnamese are "found almost exclusively in counsel's firm." ECF No. 20-2 at 19–20; *see* ECF No. 20-1 at ¶¶ 6, 8. She also represents that "there were no other attorneys with the knowledge of Vietnamese and skills who would take [Plaintiff's] case at the statutory rate." ECF No. 20-2 at 27–28. Further, the record confirms that Plaintiff is unable to effectively communicate in English. *See e.g.*, AR 298, 510, 600, 605; ECF No. 20-4 at ¶¶ 3, 7. The Government does not contest Plaintiff's request for a special factor enhancement. *See generally* ECF No. 25.

The Court finds that Ms. Manbeck's fluency in Vietnamese constitutes distinctive knowledge and a specialized skill that was necessary to effectively represent Plaintiff in

---

[4] The Ninth Circuit provides the applicable maximum hourly rates under EAJA, adjusted each year for the cost of living. *See Statutory Maximum Rates*, United States Court of Appeals for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited October 13, 2026).

this case. *Pierce*, 487 U.S. at 572 (noting that knowledge of a foreign language is distinctive knowledge or a specialized skill); *Love*, 924 F.2d at 1496. However, the Court is not persuaded that knowledge of social security law warrants a special factor enhancement fee. *See Mitchell v. Bisignano*, No. 22-cv-1649-DMS-KSC, 2025 U.S. Dist. LEXIS 164810, at *14–16 (S.D. Cal. Aug. 25, 2025) (denying a special enhancement fee based on Ms. Manbeck's knowledge of social security law in a case involving straightforward issues not unlike those here, i.e., ALJ's failure to properly weigh treating physician opinions). The Court also finds that Ms. Manbeck's foreign language skill is not "available elsewhere at the statutory rate." *Love*, 924 F.2d at 1496; *see Nadarajah v. Holder*, 569 F.3d 906, 915 (9th Cir. 2009) (a declaration with "at least modest support" that legal assistance at the statutory rate was unavailable sufficiently showed that no other counsel would represent plaintiff at the statutory rate). Therefore, the Court applies a special factor enhancement of $50.00 per hour, resulting in hourly rates of $301.84 for 2024 and $308.46 for 2025.

2. <u>Hours Expended by Plaintiff's Counsel</u>

The Court next examines the reasonableness of hours expended in 2024 and 2025. ECF Nos. 20-1 at ¶¶ 7–8, 10–11, 26 at 4.

a. Fees Expended Seeking Remand for Award of Benefits

Ms. Manbeck spent 125.35 hours on this litigation, calculated from the day prior to the filing of the Complaint (ECF No. 1) to the filing of Plaintiff's Reply (ECF No. 26) in support of the instant Motion. ECF Nos. 20-1 at ¶¶ 7–8, 10–11, 26 at 4. Based on the results achieved and the posture of this case following *Tran I*, the Court finds that this was an unreasonable number of hours.

At the outset of the case, and before any briefing was necessary, the Commissioner conceded that a remand was appropriate and offered to remand the case for further proceedings. ECF Nos. 10 at 2–3, 10-1 at ¶ 4. Plaintiff rejected the offer, insisting on a remand for an award of benefits. ECF Nos. 11 at 17–18, 14 at 27, 17 at 11. However, the Court expressly rejected this relief in *Tran I*. As explained above, this Court in *Tran I* remanded after finding that the ALJ committed several errors, including failing to

adequately develop the record. *See Tran I*, 2022 U.S. Dist. LEXIS 58502, at *28, *40–43. At Plaintiff's request, the Court considered whether remand for an award of benefits was appropriate and, applying the credit-as-true rule, denied the request. *Id.* Specifically, the Court found the record was not fully developed. *Id.*

Nothing changed between *Tran I* and the instant action in terms of development of the record, and Plaintiff concedes as much in her briefs. In both the opposition to the Motion to Remand and merits briefing, Plaintiff asserts that the second ALJ made the same errors identified in *Tran I*. ECF Nos. 11 at 5, 14 at 2–3, 17 at 5. Plaintiff expressly argues that because the "second ALJ refused to comply with the Court's Order [in *Tran I*], all the issues the District Court enumerated remained unresolved and outstanding." ECF No. 17 at 2. And the Court in this action agreed, finding that "despite remanding the case [*Tran I*] to allow the ALJ to develop the record where necessary, there [was] no evidence the second ALJ did that." ECF No. 19 at 3 (citation modified).

Because the second ALJ repeated the errors that warranted remand in *Tran I*, *i.e.*, failing to develop the record, the record in this case was still not fully developed. *See* ECF No. 14 at 10 (Plaintiff conceding that the second ALJ "never developed the record with respect to Dr. Grisola or any other treating or examining sources . . ." and the "ALJ II was forewarned of his statutory duty to develop the record pursuant to the District Court's remand order, but refused to comply and miserably failed in all aspects."). Yet Plaintiff opposed the Government's Motion to Remand, pursued merits briefing, and sought an award of benefits knowing that such relief requires a fully developed record. *See* ECF Nos. 11 at 6–7 (Plaintiff acknowledging that "[t]he primary consideration [for remand] is whether the administrative record has been fully developed and whether further administrative proceedings would serve any useful purpose"), 14 at 17–19 (Plaintiff arguing that the "[t]he record is fully developed"); *see also Washington v. Kijakazi*, 72 F.4th 1029, 1041 (9th Cir. 2023) (courts may only award immediate benefits where the record has been fully developed); *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (same); *Strauss v. Comm'r of the SSA*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same). And,

as expected, the Court here did not award benefits. ECF No. 19 at 3–4. Instead, "[c]onsistent with Defendant's recommendations," the Court remanded for further proceedings. *Id.* at 4.

Where a party achieves only limited success, "the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 440; *Atkins*, 154 F.3d at 989 (when assessing EAJA fees, a district court is "required to consider the results achieved on appeal when determining whether those fees were reasonable"); *Outdoor Sys., Inc. v. City of Mesa*, 997 F.2d 604, 619 (9th Cir. 1993) ("a district court has the discretion to disallow any fees for time spent litigating the case after the last benefit won from the defendant") (citation modified). Further, under EAJA, attorney fees incurred unreasonably protracting proceedings are not recoverable. 28 U.S.C. § 2412(d)(2)(D) ("fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings").

Here, there was no reasonable basis for Plaintiff to pursue an immediate award of benefits. Plaintiff could not have reasonably expected the Court to grant an immediate award of benefits given the Court's prior findings in *Tran I*. Moreover, Plaintiff's litigation efforts and strategy failed to gain any meaningful relief beyond the remand that the Government offered at the outset. In fact, the push for an award of benefits only served to prolong the proceedings and delay resolution of this case. Accordingly, the Court finds that Plaintiff's fees pursuing an award of benefits after the Commissioner offered to remand are unreasonable and Plaintiff's litigation strategy unnecessarily delayed this case.

For these reasons, the Court **DENIES** Plaintiff's request for fees incurred after the Government filed the Motion to Remand, including fees for time expended on 11/25/24, 12/14/24, 12/15/24, 12/16/24, 12/17/24, 12/28/24, 12/29/24, 1/5/25, 1/6/25, 1/8/25, 1/9/25, and 3/3/25. *See* ECF No. 20-1 at 5. Subtracting the fees incurred in pursuing the instant Motion, which the Court separately addresses below, the Court reduces Plaintiff's EAJA fees from $28,225.04 to **$9,357.04**. *See, e.g., Doris V.T. v. Bisignano*, No. 24-cv-1022-RSH-MMP, 2025 U.S. Dist. LEXIS 152439, at *8–9 (S.D. Cal. Aug. 5, 2025) (reducing

hours expended on efforts that "did not yield a result for Plaintiff that was any greater than the remand that Defendant offered during the course of the litigation," among other factors); *Berry v. Comm'r of Soc. Sec.*, No. 20-cv-2972 (PKC), 2022 U.S. Dist. LEXIS 180067, at *3–4 (E.D.N.Y. Sept. 30, 2022) (reducing hours expended on efforts that "achieved no appreciable advantage," among other factors); *see also Hernandez v. Apfel*, No. 96 Civ. 7231, 2001 U.S. Dist. LEXIS 26983, at *5–6 (S.D.N.Y Feb. 8, 2001) (finding that "an award of attorney's fees . . . could encourage unnecessary litigation by creating an incentive for plaintiffs in similar cases to reject an offer of a remand even when there is no reasonable basis for argument for outright reversal and award of benefits"). This award includes full fees for all documented activities from August 29, 2024 to November 10, 2024,[5] and excludes fees for all activities from November 25, 2024 to March 3, 2025. ECF No. 20-1 at 4–6.

Notably, the Government raises several arguments concerning the hours expended on specific tasks and the adequacy of the documentation supporting Plaintiff's fee request, including arguments concerning block billing. ECF No. 25 at 12–14. The Government is correct that counsel must document the hours expended and do so "in a manner that will enable a reviewing court to identify distinct claims." *Hensley*, 461 U.S. at 437. Where documentation is inadequate, the court may reduce the requested award. *Id.* at 433. Inadequate documentation can include block billing because it "makes it more difficult to determine how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007) ("We do not quarrel with the district court's authority to reduce hours that are billed in block format."); *Mendez v. County of San Bernardino*, 540 F.3d 1109, 1128–29 (9th Cir. 2008) (finding that district courts have discretion to reduce

[5] Ms. Manbeck's declaration includes an entry for "3.0" without any description or date. *See* ECF No. 20-1 at 4. Given the absence of any information, the Court's calculations do not include this entry.

the number of hours included in the fee award where the billing is block-billed or unnecessarily duplicative).

Based on a careful review of Ms. Manbeck's declaration, the Court acknowledges that Ms. Manbeck's billing information suffers from significant deficiencies, including block billing. *See, e.g.*, ECF No. 20-1 at 5 (billing 2 hours on 8/29/24 for "[r]eview[ing] file and research[ing] case law; discuss[ing] with claimant IFP filing"; and billing 8.5 hours on 12/16/24 to "[a]nalyze administrative record & draft status report" after billing 12 hours on 10/29 and 10/30 also reviewing the "administrative record"). Such documentation would typically warrant reductions in the time billed. *See, e.g.*, *Nolan v. City of Los Angeles*, No. CV 03-2190 GAF (AJWx), 2014 U.S. Dist. LEXIS 200500, at *19 (C.D. Cal. Feb. 10, 2014) (reducing time for "entries that merely indicate that an email was sent or that a phone call was made without describing in any way the reason for or topic of the particular correspondence"); *McCarthy v. R.J. Reynolds Tobacco Co.*, No. 2:09-2495 WBS DAD, 2011 U.S. Dist. LEXIS 119732, at *10–11 (E.D. Cal. Oct. 14, 2011) (reducing time where "entries refer only generally to 'legal research' and conversations with [co-counsel] without identifying the subject of the research or conversations"). However, given the significant deduction already ordered by the Court, the Court elects not to reduce Plaintiff's fees any further. *See, e.g.*, *Doris V.T.*, 2025 U.S. Dist. LEXIS 152439, at *8–9, *13 (declining, in its discretion, to make further adjustments to the requested fee amount after a 75 percent reduction).

The Court now addresses the issue of fees-on-fees.

b. Fees-On-Fees

Plaintiff is entitled to recover reasonable fees for time spent litigating her entitlement to fees under EAJA, known as fees-on-fees, appropriately reduced to reflect Plaintiff's limited success on the merits. *See Jean*, 496 U.S. at 162, 165–166 (awarding EAJA fees for fee litigation). Here, Plaintiff claims 32.35 hours for work performed to recover attorney's fees, which is the sum of the hours billed on 9/19/25, 9/25/25, 9/27/25, 9/28/25,

10/2/25, and 12/19/25. *See* ECF No. 20-1 at ¶ 7 (26.35 hours spent on EAJA related activities); 26 at 4, 8 (6 hours spent on Plaintiff's reply in support of her Motion).

For the same reasons a reduction of the merits fees was previously appropriate, the Court finds that a reduction of the fees-on-fees is warranted. Specifically, if Plaintiff had not unreasonably elected to pursue litigation and prolong these proceedings after the Government's offer to remand, the number of hours expended would have been substantially lower than the number for which Plaintiff seeks compensation in the instant Motion. In turn, a request for a substantially smaller fee award would have likely eliminated the need for extensive motion practice on the issue of fees. Because the Court reduced the merits fees by approximately 66 percent, it applies the same percentage reduction to the fees-on-fees request of $9,978.68 and awards Plaintiff **$3,392.75**. *See Thompson v. Gomez*, 45 F.3d 1365, 1367 (9th Cir. 1995) (affirming district court's decision to reduce fees-on-fees in direct proportion to the reduction of merits fees).

**C. Request for Costs and Expenses**

Plaintiff requests costs totaling $1,098.32, including $405.00 for the filing fee, $600.00 for paralegal services, and $93.32 in mailing costs. ECF No. 20-1 at ¶¶ 10–11. The Commissioner does not object to Plaintiff's request for costs. *See generally* ECF No. 25.

The EAJA allows a prevailing party to recover costs necessary for the preparation of the party's case. 28 U.S.C. § 2412(d)(1)(A). As with attorney's fees, the claimant must present an itemized statement. 28 U.S.C. § 2412(d)(1)(B). The statutory allowance covers costs and expenses "ordinarily billed to a client." *Int'l Woodworkers of Am. v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985).

Ms. Manbeck's declaration, coupled with postal receipts and the docket showing payment of the filing fee, provide the necessary support for the $405.00 filing fee and $93.32 in mailing costs. *See* ECF No. 20-1 at ¶¶ 10–11, 20-4 at 9–10. A review of the postal receipts, however, shows those expenses were incurred in 2025. ECF No. 20-4 at 9–10. For the same reasons the Court denied merits fees incurred after November 8, 2024,

the Court denies the request for mailing costs. Moreover, because filing fees are costs ordinarily billed to a client, the Court awards $405.00 for the filing fee.

In support of Plaintiff's request for $600.00 in paralegal services, Plaintiff submits Ms. Manbeck's declaration and a copy of four checks in the amount of $150 each, issued by Ms. Manbeck to her paralegal Lanh Nguyen. ECF Nos. 20-1 at ¶¶ 10–11, 20-4 at 5–8. Paralegal services are compensable under fee-shifting statutes. *See League of Wilderness Defenders v. Turner*, 305 F. Supp. 3d 1156, 1170 (D. Or. Mar. 30, 2018). But, as with attorneys' fees, the time claimed for paralegal services must be reasonable, must not include clerical tasks, and must be sufficiently documented to permit the Court's review. *See id.*

Here, the Court cannot determine from the description "paralegal and delivery/translation services" or the photocopied checks precisely what "services" the paralegal performed and whether they are compensable under EAJA. *See* ECF Nos. 20-1 at ¶¶ 10–11, 20-4 at 5–8. Further, Plaintiff does not provide the paralegal's hourly rate for the Court to evaluate its reasonableness. Accordingly, the Court **DENIES** Plaintiff's request for $600.00 for paralegal services based on the lack of adequate documentation. In total, the Court awards Plaintiff **$405.00** in costs.

**D. Assignment of Award**

Finally, Plaintiff requests that any EAJA award be paid to Ms. Manbeck directly. ECF No. 20-4 at ¶ 9. The Commissioner does not object to this request. *See generally* ECF No. 25.

Fee awards under EAJA must be made to the prevailing party, 28 U.S.C. § 2412(d)(1)(A), and are subject to offset to satisfy any of the claimant's "delinquent federal debts." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). However, the claimant may assign the fee award to counsel, but only after certain formal requirements under the Anti-Assignment Act are met. *United States v. Kim*, 806 F.3d 1161, 1169 (9th Cir. 2015) (citing 31 U.S.C. § 3727); *Hill v. Comm'r of Soc. Sec.*, 428 F. Supp. 3d 253, 266 (E.D. Cal. 2019) (The Anti-Assignment Act "applies to an assignment of EAJA fees in a Social Security

Appeal for disability benefits."). The Government may waive the requirements of the Anti-Assignment Act. *Kim*, 806 F.3d at 1169–70.

Therefore, subject to any offset required by the Treasury Offset Program and the Government's waiver of the requirements of the Anti-Assignment Act, the Court directs that the EAJA award be paid directly to Ms. Manbeck.

## V. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** the issuance of an Order: (i) approving and adopting this Report and Recommendation; (ii) granting in part and denying in part Plaintiff's Motion for EAJA Fees (ECF No. 20); and (iii) awarding Plaintiff attorney's fees and costs in the amount of **$13,154.79**.

**IT IS HEREBY ORDERED** that any written objection to this Report and Recommendation must be filed and served on all parties by no later than **November 3, 2026.** The pleading should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections must be filed with the Court and served on all parties no later than **November 17, 2026**. The document should be captioned "Reply to Objections to Report and Recommendation."

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: October 20, 2026

Honorable Valerie E. Torres
United States Magistrate Judge